RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE _12-8-06_
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HANSEL E. CAIN | CIVIL ACTION NO. 06-1657 |
| FED. REG. NO. 11654-045 | SECTION P |
| | |
| VS. | JUDGE DRELL |
| | |
| FREDRICK MENIFEE, WARDEN | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on September 22, 2006 by *pro se* petitioner Hansel E. Cain. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock (USPP) where he is serving a 120 month sentence imposed on March 31, 2000 by the United States District Court for the Western District of Missouri in the matter entitled United States of America v. Hansel E. Cain, Docket Number 99-cr-4001. Petitioner claims that his sentence has been improperly computed and he seeks *habeas corpus* relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### Statement of the Case

On January 15, 1999 petitioner was indicted by the federal

grand jury in the Western District of Missouri and charged with unlawful receipt or possession of an unregistered firearm and other related offenses. United States of America v. Hansel E. Cain, Docket Number 99-cr-4001 at doc. 1. On October 25, 1999 petitioner pled guilty to the firearms charge pursuant to a plea agreement [United States of America v. Hansel E. Cain, Docket Number 99-cr-4001, at docs. 30-31].

On November 8, 1999 petitioner pled guilty to possession of controlled dangerous substances in the Cole County, Missouri Circuit Court in the matter entitled State of Missouri v. Hansel Cain, No. 398-2892F. On that same date he was sentenced to serve five years concurrent "to federal sentence." [doc. 1-4, pp. 68-70]

On March 31, 2000 he was returned to federal court and sentenced to serve 120 months in prison. [United States of America v. Hansel E. Cain, Docket Number 99-cr-4001, at doc. 38] In imposing this sentence, United States District Judge Nanette K. Laughrey stated the following:

> Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Hansel H. Cain, is hereby committed to the custody of the Bureau of prisons to be imprisoned for 120 months on Count Two. The sentence is to be served consecutively to the sentence imposed in Cole County (Missouri) Circuit Court Case No. 398-2892F.
>
> It's no secret around here that I am not a fan of the sentencing guidelines and, in fact, I think most federal judges do not like the sentencing guidelines. And I guess I've sentenced the defendant to the

statutory maximum, so I couldn't sentence him to any more than what I have sentenced him to. But if I could have, I would have. Because I get a lot of people in here that, in fact, I don't think are particularly dangerous to the community or particularly, you know, bad actors that are drug addicts, and we put them away for very long periods of time, and I don't think it does a great deal of good for them or for anybody else. But I do that because I'm required to do it by law.

But this is somebody that these laws were made to, in fact, get off the street as long as we can. And I note that the defendant already got a break by having the other count dismissed. He would have, in fact, been in prison for a lot longer if both of these counts had been charged. So he's already gotten a break from the prosecutor and, you know, I understand why that was. [doc. 1-4, pp. 28-29 (emphasis supplied)]

Following a discussion of the ramifications of the previously ordered State sentence, Judge Laughrey noted,

Well, this is what I propose to do, and if somebody sees a problem with it, let me know. I propose to run two years consecutive and three years concurrent so that he would end up spending at least 144 months in custody somewhere. And my concern it that if it's not going to be in the state, I want it to be in the federal system. [doc. 1-4, pp. 38-39 (emphasis supplied)]

               \*              \*              \*

I'm going to stand, then, by what I have imposed in this matter, that the sentence is to run consecutively to the sentence imposed in Cole County Circuit Court, Case No. 398-2892F. It is consecutive, however, he will begin his sentence first on the federal sentence. He will serve his federal sentence, and then the state will decide, and that's where I started with this. I think it's up to the state to decide what to do with that. I don't want to end up taking away the state's authority by running it concurrently and folding it into our federal offense. If at the end of ten years the state wants to come and take him for five years, that's going to be up to the state. [doc. 1-4, pp. 42-43 (emphasis supplied)]

On April 27, 2000, Judge Laughrey amended the judgment of
commitment and again ordered that petitioner's federal sentence
be consecutive to the sentence imposed by the Cole County Court
under docket number 398-2892F. United States of America v. Hansel
E. Cain, Docket Number 99-cr-4001, at doc. 42]

Petitioner was taken into BOP custody following sentencing
and was incarcerated at the United States Penitentiary,
Leavenworth, Kansas on May 5, 2000. However, on May 11, 2000, the
BOP released petitioner to the custody of the Cole County
Sheriff's Department for transportation to the Missouri
Department of Corrections for service of his 5-year state
sentence. On May 12, 2000, the United States Marshal's Service
lodged a detainer with the Missouri Department of Corrections.
[See Hansel E. Cain v. United States of America, Docket No. 2:01-
cv-4058 (United States District Court, Western District of
Missouri) at doc. 16] [See also, doc. 1-4 at p. 71[1]]

Petitioner appealed his sentence to the United States Eighth

---

[1] More specifically, the BOP characterized the situation as follows:
"You were sentenced in the Western District of Missouri on March 31, 2000, to
120 months incarceration for Possession of an Unregistered Firearm. This
sentence was ordered to be served consecutively to the state sentence imposed
in Case Number CR0398-002892F. A designation was requested by the USMS, and
you were sent to the United States Penitentiary in Leavenworth, Kansas, for
service of your federal sentence.

When institution staff were reviewing your file, they discovered you had not
satisfied your five-year state sentence, and the federal sentence was ordered
to be served consecutively to your state sentence. Therefore, you were
returned to ... the Missouri Department of Corrections to satisfy your state
sentence and to ensure the federal sentence was executed as outlined on the
Judgment in a Criminal Case." [doc. 1-4, pp. 58-59]

Circuit Court of Appeals. On Appeal petitioner claimed that the
District Court erred when it assigned sentencing guidelines
points to the Missouri conviction under docket number 398-2892F
"...because he had pleaded guilty to and been sentenced for the
state offense after his plea to the federal offense." He also
argued that the District Court erred when it "... imposed his
120-month sentence for the instant offense consecutively to the
5-year state sentence." Petitioner also argued that "... he
should serve his federal sentence first." The Eighth Circuit
Court denied all claims finding,

> Initially, we note that even if the district court had
> wrongly assigned points to Cain's state sentence, the
> error would be harmless because his remaining criminal
> history points would still earn him the same criminal
> history category. See <u>United States v. Tiger</u>, 223 F.3d
> 811, 812-13 (8th Cir.2000). In any event, Cain's
> Missouri sentence was properly treated as a prior
> sentence. It was imposed after Cain possessed the
> unregistered firearm (in August 1998) but before he was
> sentenced for it, and it was for conduct unrelated to
> the firearm possession. See U.S.S.G. § 4A1.2, comment.
> (n.1). <u>The district court also did not err in imposing
> Cain's sentence consecutively to his Missouri sentence.
> The court explicitly considered other sentencing
> options, Cain's age, the type of prior sentence he was
> serving, the effect a concurrent sentence would have on
> the state sentence, and the need to protect the public.</u>
> See U.S.S.G. § 5G1.3(c), p.s., & comment. (n.3)
> (describing relevant statutory factors court should
> consider). <u>United States of America v. Hansel E. Cain</u>,
> 6 Fed.Appx.542, 543, 2001 WL 468585 at *1 (8th Cir.
> 2001)(unpublished)(emphasis supplied)

With regard to the final assertion of error, the court noted
parenthetically,

> <u>Although Cain complains that he should serve his</u>

<u>federal sentence first, this is a decision left to the
two sovereigns</u>. See 18 U.S.C. § 3621(b); <u>United States
v. McCrary</u>, 220 F.3d 868, 871 (8th Cir.2000). *Id.*, at
*1, footnote 1 (emphasis supplied)

On April 2, 2001, while petitioner was still in the custody

of the Missouri Department of Corrections, and while he was

incarcerated in the South Central Correctional Center, Licking,

Missouri, he filed a *pro se* Motion to Vacate pursuant to 28

U.S.C. §2255. Therein petitioner raised the following grounds

for relief:

(1) Failure to comply with Court ordered sentence
structure – Movant (Hansel E. Cain) was sentenced March
31, 2000 by Judge Laughrey and Federal Sentence was to
start immediately and be served first as indicated in
trial transcript, page 32, lines 15-25. After serving
several weeks in Leavenworth, KS., U.S.P., sentence was
stopped and movant sent to State Department
Corrections.

(2) Federal Bureau of Prisons restructures movant's
sentence to their choosing failing to comply to Court
order without any court order or hearing Federal Bureau
of Prisons completely restructures movant's sentence by
filing 120 month detainer against movant after he
serves State sentence.

(3) Movant held in double jeopardy of serving on same
sentence twice by Federal Bureau of Prison's filing of
detainer. Movant relies on Induction Papers into
Federal Bureau of Prison as entry into U.S.P.
Leavenworth and released shortly thereafter as
indicated in release papers enclosed. Movant's time was
completed when Bureau of Prisons selected to stop
Movant's time and transfer him to state custody as
indicated. <u>Hansel E. Cain v. United States of America</u>,
No. 2:01-cv-4058, United States District Court, Western
District of Missouri, at doc. 1]

On December 28, 2001, Judge Laughrey denied relief and

authored reasons for judgment. Judge Laughrey construed the *pro se* §2255 Motion as a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 since petitioner was "... not attacking his conviction or sentence but ... challenging a detainer placed against him by federal authorities." [<u>Hansel E. Cain v. United States of America</u>, No. 2:01-cv-4058, United States District Court, Western District of Missouri, at doc. 16 at pp. 1 and 3.]

Judge Laughrey then discussed each of petitioner's claims for relief. With regard to the "Sentence Structure" claim, Judge Laughrey noted,

> Cain argues that this Court ordered him to serve his
> federal sentence before his state sentence, and his
> transfer to state prison restructured his sentence in
> violation of this order. The Court had discretion,
> pursuant to 18 U.S.C. §3584, to sentence Cain to
> consecutive terms of imprisonment for these two
> separate offenses. <u>This Court stated, as reflected in
> the sentencing transcript that it intended to have Cain
> serve his federal sentence first. (Sentencing Tr. at
> 32-33). However, this Court was also informed that the
> Bureau of Prisons could release Cain to serve his state
> time first.</u> (Sentencing Tr. at 29[2]).
>
> <u>Cain does not have the right to choose which authority
> executes its sentence first. It is well settled that
> the determination of priority of the custody and</u>

---

[2] At the sentencing, Judge Laughrey engaged in a short colloquy with a United States Probation Officer and advised the probation officer of her concern that petitioner's federal sentence be served consecutively to the state sentence. The Probation Officer opined, " ... I think it's possible that the Bureau of Prisons, if it's given that way or consecutive, that they release him to serve his state time first and then take custody for the consecutive federal system. I'd have to call the Bureau of Prisons to find that out... Well, if this one, the State sentence, if we run this one consecutive where it's worded that the state sentence be consecutive to this one, to be sure it is consecutive, they may release him to the Missouri Department of Corrections to serve that sentence first and then he serves this one in total..." [doc. 1-4, pp. 39-40]

service of sentence between state and federal
sovereigns is a matter of comity to be resolved by the
two sovereigns. See United States v. Warren, 610 F.2d
680, 684-85 (9th Cir. 1980); Jeter v. Keohane, 739 F.2d
257, 258 (7th Cir. 1984), both citing Ponzi v.
Fessenden, 258 U.S. 254, 261-62 (1922). When a
defendant is subject to two lawful sentences of
imprisonment, one by the United States and one by a
state, the 'exercise of jurisdiction over him is solely
a question to be determined between those two
sovereignties, and is not subject to attack by the
prisoner.' United States v. McCrary, 220 F.3d 868, 870
(8th Cir. 2000). The Eighth Circuit has suggested that
the defendant does not even have standing to question
the place of incarceration, particularly in a case such
as this, where the place of imprisonment was not a
bargained-for term of his plea agreement. Id. at 870-
71. 'An individual who has violated the laws of two or
more sovereigns may not complain of the order in which
he is to serve the various sentences.' Jeter, 739 F.2d
at 258 (citing Mitchell v. Boen, 194 F.2d 405, 407
(10th Cir. 1952)). The federal and the state
governments can 'arrange the order of trial and
punishment according to their convenience.' Vanover v.
Cox, 136 F.2d 442, 444 (8th Cir. 1943).

Moreover, the Bureau of Prisons has clear statutory
authority to decide which sentence will be served
first. McCrary, 220 F.3d at 871. The applicable statute
provides in part, '[t]he Bureau of Prisons shall
designate the place of the prisoner's imprisonment. The
Bureau may designate any available penal or
correctional facility ... whether maintained by the
Federal Government or otherwise.' 18 U.S.C. §3621(b).
The statute continues, '[t]he Bureau may at any time
... direct the transfer of a prisoner from one penal or
correctional facility to another.' Id. The Director of
the Bureau of Prisons has authority to order a prisoner
convicted of a state felony to be transferred to a
state prison prior to his release from Federal prison.
See 18 U.S.C. §3623. Cain has failed to demonstrate any
reason that he should be allowed to serve his federal
sentence before his state sentence, and, therefore, he
is not entitled to any relief on this basis. [Hansel E.
Cain v. United States of America, No. 2:01-cv-4058,
United States District Court, Western District of
Missouri, at doc. 16, pp. 4-6 (emphasis supplied)]

Judge Laughrey easily disposed of petitioner's double jeopardy claim noting, "... in this case, the double jeopardy clause is inapplicable for two reasons: first, Cain's state sentence for a narcotics violation and his federal sentence for a weapons violation are for two totally different crimes; and second, the federal and state governments are dual sovereigns, and thus, their respective convictions do not trigger the double jeopardy clause." [Hansel E. Cain v. United States of America, No. 2:01-cv-4058, United States District Court, Western District of Missouri, at doc. 16, pp. 7-10] However, she also construed petitioner's double jeopardy argument as raising additional claims for relief and noted the following with respect to those claims,

> However, Cain's double jeopardy may be construed as an argument that his federal sentence was completed when the Bureau of Prisons transferred him to state custody, and, therefore, any attempt to return him to federal custody to serve the remainder of his 120-month narcotics sentence will subject him to multiple punishments for the same offense. As discussed above, when a prisoner has violated the laws of both the state and the federal governments, the two sovereigns are to decide the order in which the sentences must be served. McCrary, 220 F.3d at 871...

> If Cain's complaint is that he has not received credit against his federal sentence for time served before he was transferred into state custody, he is required to exhaust his administrative remedies by first presenting his claim to the Bureau of Prisons. United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000). Hansel E. Cain v. United States of America, No. 2:01-cv-4058, United States District Court, Western District of Missouri, at doc.16, pp. 6-8 (emphasis supplied)]

Petitioner did not seek further review of this judgment in the appropriate court of appeals.

On February 10, 2002 petitioner completed his Missouri sentence and was taken into BOP custody for the purpose of serving his federal sentence. [doc. 1-4, p. 52]

On February 11, 2004 petitioner submitted an informal administrative remedies procedure grievance complaining that his time computation sheet was incorrect; petitioner requested "... that any and all time be acredited [sic] towards my sentence." [doc. 1-4, p. 3] On February 24, 2004, petitioner received a response which stated

> ...on August 29, 1998, you were arrested by the Missouri State Highway Patrol for the offense of Possession of a Controlled Substance OCN:97429459. On November 8, 1999, you were sentenced to a term of 5 years concurrent to the federal sentence with credit for Time Served. Note, the federal sentence was [not] imposed until March 31, 2000. While in primary custody of the State of Missouri, the United States Marshals Service assumed custody under a federal writ of *habeas corpus ad prosequendum*. While in temporary custody of the United States Marshals Service, you plead guilty to Count 2 of superceding indictment dated October 25, 1999. On March 31, 2000 you were sentenced in the United States District Court for the [Western District of Missouri] under Case Number 99-04001-01-CR-C-5 to a term of One Hundred Twenty (120) months of imprisonment for Count 2, Possession of an Unregistered Firearm, in violation [of] 16:5861(d). After sentencing, you were returned to the state to continue your state sentence. On February 10, 2002, you completed your state sentence and were turned over to the United States Marshals Service to begin serving the undischarged portion of the federal sentence.

> Your federal sentence computation has been computed as beginning on February 10, 2002, the date you released

from state custody to begin service [on] the
undischarged portion of your federal sentence. <u>You are
not entitled to prior custody credit for the time you
spent on [the] federal writ. Pursuant to 18 U.S.C.
[Section] 3585(b), a defendant is not given credit for
time spent in official detention prior to the date the
sentence commences if he has received credit for that
time against another sentence. In your case, you
received credit by the State of Missouri for the time
spent on [the] federal writ.</u> [doc. 1-4, p. 52 (emphasis
supplied)]


On March 10, 2004 petitioner submitted a formal

administrative remedies procedure grievance to USPP's Warden

Tapia. In this formal grievance petitioner alleged that

> (1) according to the sentencing transcript, a
> representative of the United States Marshals Service
> claimed that petitioner was in that agency's custody
> prior to and on the date of sentencing;
> (2) the Missouri Court "adhered" to the United States
> Marshal's custody of petitioner when the state sentence
> was imposed and ordered to run concurrently with the
> federal sentence;
> (3) the federal sentencing transcript clearly reveals
> the explicit instructions of the federal court with
> respect to sentencing and especially the court's order
> that petitioner serve his federal sentence first;
> (4) after sentencing petitioner was returned to federal
> detention and on May 5, 2000 petitioner was transferred
> to the USP Leavenworth, Kansas;
> (5) on May 11, 2000, the BOP entered into a "clandestine
> conspiracy" with the United States Marshals Service
> when it removed petitioner from USP Leavenworth without
> a writ or court order with the malicious intent to
> disrupt petitioner's sentence;
> (6) on May 15, 2000 petitioner entered into the custody
> of the Missouri Department of Corrections;
> (7) on February 10, 2002, upon his release from the
> custody of the Missouri Department of Corrections,
> petitioner was detained by the United States Marshals
> Service and returned to a federal prison;
> (8) "There appears to be a showing of a constant
> pattern of constructive negligence along with
> misconduct and dereliction of duties performed in the

handling of security of subject.";
(9) the sentencing transcripts constitute binding
contracts and all agencies are obliged to follow the
orders of the courts;
(10) BOP is required to make reasonable efforts to
maintain accurate records. [doc. 1-4, p. 54]

On March 18, 2004, Warden Tapia responded to petitioner's

grievance. The response was virtually identical to the first step

informal response quoted above. [doc. 1-4, pp. 54-56]

On March 23, 2004 petitioner appealed to the regional

administrator and raised the following claims:

(1) The BOP stopped petitioner's federal sentence from
May 10, 2000 to February 10, 2002.
(2) Petitioner was denied federal jail time credit from
January 15, 1999 to March 31, 2000 and should have been
given credit for time in custody after federal
sentencing on March 31, 2000 to May 11, 2000; and,
(3) Federal authorities lost federal custody over
petitioner when they relinquished jurisdiction to state
authorities on May 11, 2000. [doc. 1-4, p. 57]

On May 24, 2004, the regional administrator responded to

petitioner's complaint noting,

... you were arrested by local law enforcement
officials on August 29, 1998 ... This arrest led to the
federal sentence for Possession of an Unregistered
Firearm...

On March 24, 1999, you were transferred to the custody
of the U.S. Marshals Service (USMS) for your federal
court appearance on the basis of a Writ of *Habeas
Corpus Ad Prosequendum*, and returned to state custody
the same day. Your subsequent court appearances were
handled the same way. You were sentenced in Cole
County, in Case Number CR0398 - 002892F, on November 8,
1999, to five years incarceration for Possession of a
Controlled Substance for an offense that occurred on
October 10, 1998. This sentence was ordered to be
served concurrently with the federal sentence that had
not been imposed.

The USMS prison tracking record reflects that you were transferred to the USMS on December 8, 1999, by Miller County officials based on the USMS detainer. Since you were under the primary jurisdiction of the state, you should have satisfied your state sentence prior to transferring to the custody of the USMS. When the state has primary jurisdiction over a defendant, the state judge does not have the statutory authority to order a defendant into federal custody for service of the state sentence, and the state judge has no authority to order how a federal sentence is to be computed or served. You were sentenced in the Western District of Missouri on March 31, 2000, to 120 months incarceration for Possession of an Unregistered Firearm. This sentence was ordered to be served consecutively to the state sentence imposed in Case Number CR0398 - 002892F. A designation was requested by the USMS, and you were sent to the United States Penitentiary in Leavenworth, Kansas, for service of your federal sentence.

When institution staff were reviewing your file, they discovered you had not satisfied your five-year state sentence, and the federal sentence was ordered to be served consecutively to your state sentence. Therefore, you were returned to Cole County for transfer to the Missouri Department of Corrections to satisfy your state sentence and to ensure the federal sentence was executed as outline on the Judgment in a Criminal Case. The USMS lodged a detainer against you with the Missouri Department of Corrections. On February 10, 2002, you were conditionally released by state authorities to the USMS, and your federal sentence commenced.

Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, states when it has been determined an inmate was improperly committed to federal custody and primary jurisdiction resides solely with the state sovereign (i.e., the inmate was under jurisdiction of the federal sentencing court on the basis of a Writ of *Habeas Corpus Ad Prosequendum*), institution staff shall make every effort to return the inmate to state custody. A return to the state means the federal sentence should be considered as not having commenced, since transfer to the Bureau of Prisons was in error and the prisoner should have been returned to the state after federal sentencing as a required condition of the federal writ.

[See <u>Crawford v. Jackson</u>, 589 F.2d 693 (D.C. Cir. 1978).] The federal Judgment and Commitment Order is then lodged as a detainer, through the USMS, with the state authorities.

Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), states time spent under a writ of *habeas corpus* from non-federal custody will not, in itself, be considered for the purpose of custody credit. The primary reason for custody is not the federal charge. It is considered the federal court 'borrows' an individual under the provisions of the writ for the purpose of the court appearance. As outlined in Program Statement 5880.28, Title 18 U.S.C. [Section] 3585(b) is the statute authorizing the award of presentence credit. This statute authorizes credit for time spent in official detention prior to the imposition of a sentence that has not been credited against another sentence. To award credit that was applied to your state sentence would be contrary to the intent of this statute.

<u>After reviewing your sentencing transcript and the events involving your state and federal sentences, contact was made with the sentencing court to ascertain if your federal sentence is being executed as intended by the court. It is the intent of the court for your federal sentence to be served consecutively to the state sentence.</u>

All time in custody has been applied to either your state sentence or your federal sentence. Therefore your appeal is denied. [doc. 1-4, pp. 58-59 (emphasis supplied)]

On June 12, 2004, petitioner appealed this decision to the Administrator of National Inmate Appeals. [doc. 1-4, pp. 61-63] On August 12, 2004 his appeal was denied. [doc. 1-4, p. 64]

On September 20, 2006 petitioner filed his federal *habeas corpus* petition. Petitioner claims "...that the Bureau of Prisons miscalculated the commencement date of petitioner's sentence and failed to give petitioner post-sentence credit for time spent

towards his sentence and in doing so tolled the running of petitioner's sentence and has increased the duration of petitioner's 120 month sentence." [doc. 1-3, pp. 1-2]

### Law and Analysis

The Fifth Circuit has established that "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir.2000) (citations omitted). Additionally, "[t]o the extent that [petitioner] seeks credit for time served prior to the date of his federal sentence, ostensibly under 18 U.S.C. § 3568, ... it must be advanced in a petition for habeas corpus under 28 U.S.C. § 2241." United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir.1988) (citing United States v. Brown, 753 F.2d 455 (5th Cir.1985) (per curiam)). Therefore, petitioner has utilized the appropriate procedural vehicle to raise his claims and he has raised them in the appropriate forum.

Nevertheless, in order to prevail, a habeas petitioner must show that his liberty is being restrained in violation of the constitution, treaties, or statutes of the United States. United States v. Hayman, 342 U.S. 205, 211-12 (1952). "Habeas relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that

could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir.2000) (*per curiam*) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (*per curiam*)).

Petitioner disputes the BOP's calculation or computation of his sentence. There are generally two issues related to the computation of federal sentences: (1) when does the federal sentence commence; and (2) is the prisoner entitled to credit for time served prior to the commencement of the federal sentence. Often, as in the present case, these issues are intertwined.

The Attorney General is responsible for incarcerating federal inmates, and this responsibility is administratively performed by the BOP. Therefore, a federal prisoner must first seek administrative review of the BOP's sentence computation determinations. 28 C.F.R. §542.10 - 542.19. Once an inmate has exhausted his administrative remedies, then he may seek judicial review of the BOP's determination. United States v. Wilson, 503 U.S. 329, 335 (1992). Petitioner fully exhausted available administrative remedies prior to filing his federal petition. While he contests the BOP's legal conclusions, at no point in this process (including the present) did he contest the factual

findings made by the BOP.[3]

For the purposes of this Report, these are the relevant facts:

1. On October 25, 1999 petitioner pled guilty to a federal firearms charge in the United States District Court for the Western District of Missouri [U.S.A. v. Cain, 99-Cr-4001 (U.S.D.C. - W.Mo.)]

2. On November 8, 1999 petitioner was convicted in state court and sentenced to serve 5 years concurrent to an as then non-existent federal sentence [doc. 1-4, pp. 68-70] see also State v. Cain, 398-2892F, Circuit Court, Cole County, Missouri;

3. On March 31, 2000 petitioner was sentenced to serve 120 months by United States District Court Judge Nanette K. Laughrey in the Western District of Missouri. Judge Laughrey ordered the sentence to run consecutive to the Missouri sentence and in so doing made it clear that she wanted the sentence to be served in such a way that the petitioner would serve "... at least 144 months in custody somewhere..." [doc. 1-4, pp. 28 and following]

4. Petitioner was taken into federal custody and incarcerated at USP Leavenworth on May 5, 2000. On May 11, 2000, BOP released petitioner to Missouri's Department of Corrections so that he could first serve his Missouri sentence. [doc. 1-4, p.

---

[3] Petitioner does not dispute the underlying facts as set forth in the BOP's responses to his administrative remedies procedure grievances; instead, he disputes the BOP's application of those facts to the law.

71] Petitioner apparently received credit for all time served since his arrest against the Missouri sentence.[4] [see doc. 1-4, p. 69]

5. While in the custody of the Missouri Department of Corrections, petitioner appealed his sentence to the United States Eighth Circuit Court of Appeals. Petitioner argued that the trial court erred in imposing his federal sentence consecutive to his state sentence; he also argued that he was entitled to serve his federal sentence first. On May 4, 2001 the Eighth Circuit affirmed his sentence finding, "The district court also did not err in imposing Cain's sentence consecutively to his Missouri sentence..." and, "Although Cain complains that he should serve his federal sentence first, this is a decision left to the two sovereigns..." U.S.A. v. Cain, 2001 WL 468505 at *1.

6. Meanwhile, on April 2, 2001, petitioner submitted a §2255 Motion to Vacate Sentence which was construed as a petition for writ of *habeas corpus*. On December 28, 2001, Judge Laughrey, the judge who imposed his federal sentence, denied relief and in so doing, stated, "This Court stated ... that it intended to have Cain serve his federal sentence first ... [h]owever, this Court was also informed that the Bureau of Prisons could release Cain

---

[4] In any event, petitioner has not alleged, nor do his exhibits suggest, that he was not given credit toward the satisfaction of his Missouri sentence for all time served prior to the date his federal sentence commenced on February 10, 2002.

to serve his state time first ... Cain does not have the right to choose which authority executes its sentence first ... Cain has failed to demonstrate any reason that he should be allowed to serve his federal sentence before his state sentence, and, therefore, he is not entitled to any relief on this basis." [Cain v. U.S.A., No. 2:01-cv-4058 (U.S.D.C. W.Mo.)

7. On February 10, 2002 petitioner completed his Missouri sentence and was taken into BOP custody and began serving his federal sentence. [doc. 1-4, p. 52]

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. §3585. United States v. Wilson, 503 U.S. 329, 332 (1992). That statute, entitled "Calculation of a term of imprisonment," provides:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

Petitioner was taken into custody by Missouri officials on

August 29, 1998. He remained in the custody of Missouri officials until February 10, 2002. Under the provisions of the above cited statute, he could not obtain double credit for time served prior to February 10, 2002 because he had already received that benefit against with respect to his Missouri sentence.

Of course, petitioner contends that the BOP erred when it determined that petitioner should serve his Missouri sentence before serving his federal sentence. According to the petitioner, this decision was contrary to the clear intention of the sentencing judge. While the transcript of the sentencing procedure is somewhat confusing, the clear intent of Judge Laughrey was to fashion some sentencing scheme that would result in petitioner serving at least 144 months in custody. When it became clear that her goal could not be accomplished if the federal sentence was served first, the BOP returned petitioner to the custody of Missouri. As stated in prior proceedings, "...petitioner does not have the right to choose which authority executes its sentence first. It is well settled that the determination of priority of the custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the two sovereigns. See United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980); Jeter v. Keohane, 739 F.2d 257, 258 (7th Cir. 1984), both citing Ponzi v. Fessenden, 258 U.S. 254, 261-62 (1922)." [Cain v. U.S.A., 2:01-cv-4058 (U.S.D.C. –

W.D.Mo. at doc. 16] Those principals of law have also been adopted by the Fifth Circuit. See <u>United States of America v. Londono</u>, 285 F.3d 348, 356 (5th Cir. 2002), citing, <u>Causey v. Civiletti</u>, 621 F.2d 691, 693 (5th Cir. 1980).[5]

In other words, the BOP is correct in its assertion that petitioner has received all credit toward his federal sentence to which he is entitled. The BOP's calculation of petitioner's sentence comports with federal law and regulations. Petitioner lacks standing to complain about the order in which the State of Missouri and the United States determined that his sentences should be served, and, in any event, the decision of those sovereigns merely implemented the sentencing scheme invisioned by Judge Laughrey. Since petitioner has not shown that he is being restrained in violation of the constitution, treaties, or statutes of the United States,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* (28 U.S.C. §2241) be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to

---

[5] As shown above, petitioner has litigated this issue on direct appeal to the Eighth Circuit Court of Appeals and in a prior post-conviction proceeding filed in the United States District Court for the Western District of Missouri. Petitioner has not presented any new facts, law, or argument to warrant a different result.

file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____ , 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE